UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 1:22-cv-21475-JEM/Becerra

JANVIER VILLARS,

    Plaintiff,

v.

SHAUL MICHAEL, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Plaintiff Janvier Villars' ("Plaintiff") Emergency Petition for Writ of Prohibition (the "Petition"). ECF No. [1]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge ECF No. [4]. For the reasons that follow, the undersigned **RECOMMENDS** that the Petition be **DENIED**, this matter be **DISMISSED** without prejudice and that all other pending motions be **DENIED AS MOOT**.

First, as a *pro se* litigant, Plaintiff is entitled to the Court's liberal construction of the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*). However, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *Echeverry v. Wells Fargo Bank, N.A.*, No. 16-CV-61635, 2016 WL 9347152, at *1 (S.D. Fla. Nov. 29, 2016) (quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Even affording the Petition such liberal construction, it is not entirely clear what relief Plaintiff seeks. In the Petition, Plaintiff seemingly seeks to disqualify the state court judge, Judge Guzman, in the receivership action. ECF No. [1]

at 6. Plaintiff asserts a variety of conclusory allegations relating to the "[e]nterprise," which seems to be members of some type of association pertaining to the residence, arguing that the association retaliated against him as President in their efforts to obtain a receivership. *Id.* at 6–7. Plaintiff also makes conclusory allegations concerning Judge Guzman's actions, including that he colluded with the enterprise, violated Plaintiff's due process, and sanctioned Plaintiff for "civilly challenging the overbreadth Receivership order." *Id.* at 7–16. Plaintiff alleges that the "[r]eceivership [was] [m]ade possible [] only through a conspired-court swindle." *Id.* at 14.

Because the allegations are pled in a conclusory fashion and without sufficient facts or explanation, it is not clear whether Plaintiff challenges the outcome of the state receivership action itself, some violation of law otherwise relating to the state court action, or both. To the extent Plaintiff seeks review and rejection of a state court order, such relief would be prohibited by the *Rooker-Feldman* doctrine. Although the *Rooker-Feldman* doctrine is a narrow jurisdictional doctrine, "federal district courts cannot review or reject state court judgments rendered before the district court litigation began." *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (concluding that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Moreover, Plaintiff fails to establish jurisdiction. Plaintiff argues that this Court has jurisdiction under 5 U.S.C. § 706 or Art. V, § 3(b)(4), Fla. Const. *See* ECF No. [1] at 5. However, 5 U.S.C. § 706 concerns the standard of review of agency action under the Administrative Procedure Act, and Article 5, Section 3 of the Florida Constitution concerns the jurisdiction of the Supreme Court of Florida. Neither provide a basis for federal jurisdiction.

The Petition fails to state any grounds for relief.  Indeed, the Emergency Petition is replete with incomplete and incoherent allegations that cannot possibly amount to any relief that this Court would have jurisdiction to even consider.  Accordingly, the undersigned **RECOMMENDS** that the Petition, ECF No. [1], be **DENIED**, this matter be **DISMISSED** without prejudice and that all other pending motions be **DENIED AS MOOT**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3–1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on June 8, 2022.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**